UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
ERIC ALTMAN,

               Plaintiff.

               -against-                          **COMPLAINT**
                                                   **DEMAND FOR JURY TRIAL**

METROPOLITAN TRANSPORTATION
AUTHORITY, METROPOLITAN
TRANSPORTATION AUTHORITY
POLICE DEPARTMENT, MTA POLICE
OFFICER THOMAS SULLIVAN, MTA
POLICE OFFICER KOHRON PREDDY,
MTA POLICE OFFICER JASON RULAND,
MTA POLICE OFFICER JAMES SOKIRA,
AND MTA SERGEANT JOSEPH PUGLIESE,
Individually and in their Official Capacities,

               Defendants.
------------------------------------------------------x

        Plaintiff, ERIC ALTMAN, by and through his attorney, **ILISSA BROWNSTEIN, ESQ**.,

complaining of the defendants herein, respectfully shows the Court and alleges:


## PRELIMINARY STATEMENT

1.  Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees

pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, for the wrongful acts of Defendants

METROPOLITAN TRANSPORTATION AUTHORITY (hereinafter, "MTA),

METROPOLITAN TRANSPORTATION AUTHORITY POLICE DEPARTMENT (hereinafter,

"MTAPD"), MTA POLICE OFFICER THOMAS SULLIVAN, MTA POLICE OFFICER

KOHRON PREDDY, MTA POLICE OFFICER JASON RULAND, MTA POLICE OFFICER

JAMES SOKIRA, MTA SERGEANT JOSEPH PUGLIESE, individually and as Officers of the

MTAPD, acting under color of state law and pursuant to their authority, in violation of Plaintiff's

rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981, 1983, 1988; by the United States Constitution, including its Fourth, Fifth, Eighth and Fourteenth Amendments; and by the laws and Constitution of the State of New York.

## JURISDICTION

2.  This action is brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and the constitutional, statutory, and common laws of the State of New York.

3.  Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of the Plaintiff's constitutional and civil rights.

4.  Plaintiff further invokes this Court's pendent jurisdiction over any and all state-law claims and causes of action which derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action pursuant to 28 U.S.C. § 1367.

## VENUE

5.  Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

6.  Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed., R. Civ. P.38(b).

2

## PARTIES

7.   At all times relevant hereto Plaintiff is a citizen of the United States was and is a resident of Long Beach, New York.

8.   Defendant MTA is a public benefit corporation created pursuant to Section 1264 of the Public Authorities Law of the State of New York.   Defendant MTA has established and maintains a Police Department as a constituent department or agency of the MTA.

9.   Defendant MTA provides and maintains Defendant MTAPD as an authority police department and a uniformed authority police force for all MTA owned, occupied, and/or operated facilities, and those of its subsidiary corporations.

10.   At all times relevant to this action, Defendants MTA POLICE OFFICER THOMAS SULLIVAN, MTA POLICE OFFICER KOHRON PREDDY, MTA POLICE OFFICER JASON RULAND, MTA POLICE OFFICER JAMES SOKIRA, and MTA SERGEANT JOSEPH PUGLIESE are and were police officers employed by the MTA and MTAPD, and acting under color of state law.   They are being sued in both their individual and official capacities.

11.   At all times relevant hereto and in all their actions described herein, the Defendants MTA POLICE OFFICER THOMAS SULLIVAN, MTA POLICE OFFICER KOHRON PREDDY, MTA POLICE OFFICER JASON RULAND, MTA POLICE OFFICER JAMES SOKIRA, and MTA SERGEANT JOSEPH PUGLIESE were acting under color of statutes, ordinances, regulations, policies, customs, and usages of the MTA, MTAPD and NYC, pursuant to their authority as employees, servants, and agents of the MTA and MTAPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents, and police officers.

12.   At all relevant times, MTA and MTAPD employed each of the individual defendants.

3

MTA and MTAPD were responsible for the hiring, training, supervision, discipline, retention, and promotion of the police officers, sergeants, and/or employees.   They are being sued both in their individual and official capacity.

## FACTS

13.   On January 1, 2009, at approximately 1:00 a.m., plaintiff, Eric Altman was inside of Penn Station, located in New York, New York, which is a facility owned, maintained, operated and/or occupied by defendant MTA.

14.   Eric Altman was waiting for his train on the Long Island Railroad platform.

15.   Eric Altman accidentally brushed against MTA POLICE OFFICER SULLIVAN while heading toward the train to Long Beach, New York.

16.   POLICE OFFICER THOMAS SULLIVAN grabbed Eric Altman from behind and threw him.   MTA Police Officers tackled Eric Altman to the ground, causing him to hit his head. Eric Altman suffered a headache, an abrasion on his head, a lump on his head, bruises on his arm, shoulder, elbow and scratches on his back.

17.   MTA Police Officers put Eric Altman in a cell in Penn Station.   MTA Police Officers pressed his face against the cell door while searching him.   MTA Police Officers continuously shook and choked Altman, while he was handcuffed.   They turned him around and POLICE OFFICER THOMAS SULLIVAN forcefully kneed him in the genitals twice, causing groin pain.   While Altman was leaning over in pain MTA Police Officers raised his handcuffed hands straight up, causing extreme swelling of the wrists and permanent hand tremors.   Video surveillance of the jail cell reveals this misconduct.

18.   MTA Police Officers then marched Altman around Penn Station declaring

4

repeatedly that he was the first arrest in the year 2009.

19.   Altman was arrested and charged with Resisting Arrest [PL § 205.30] and Disorderly

Conduct [PL § 240.20].

20.   Altman spent approximately 24 hours in jail awaiting arraignment.

21.   On January 2, 2010, Altman received medical attention at the Long Beach Medical

Center Emergency Department.   Medical records corroborate the aforementioned injuries.

22.   Altman appeared in court approximately 12 times to address his criminal charges.

23.   On February 4, 2010, after a jury trial in New York City Criminal Court, Altman was

found not guilty of all charges.

24.   This action is commenced within one (1) year and ninety (90) days of the occurrence

herein.


### FIRST CLAIM FOR RELIEF:
### DEPRIVATION OF FEDERAL CIVIL RIGHTS

25.   Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in

paragraphs 1 through 24 with the same force and effect as if fully set forth herein.

26.   All of the aforementioned acts of Defendants, their agents, servants, and employees

were carried out under color of state law.

27.   All of the aforementioned acts deprived Plaintiff of the rights, privileges, and

immunities guaranteed citizens of the United States by the Fourth, Fifth, Eighth and Fourteenth

Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

28.   The acts complained of were carried out by the aforementioned individual Defendants

in their capacities as police officers, with the entire actual and/or apparent authority attendant

thereto.

29.   The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

30.   Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure, or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

31.   By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually and jointly liable.


## SECOND CLAIM FOR RELIEF:
## FALSE ARREST


32.   Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 24 with the same force and effect as if fully set forth herein.

33.   As a result of Defendants' aforementioned conduct, Plaintiff was subject to an illegal, improper, and false seizure and arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated, and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege, or consent.

34.   As a result of his false arrest, Plaintiff was subjected to humiliation, ridicule, and disgrace and was deprived of his liberty.   Plaintiff was discredited in the minds of many members of the community.

35.   All of the aforementioned acts of the Defendants constituted false arrest under the

laws of the State of New York and the Defendants are liable for said damage.   Pursuant to 28

U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

## THIRD CLAIM FOR RELIEF:
## FALSE IMPRISONMENT

36.   Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in

paragraphs 1 through 24 with the same force and effect as if fully set forth herein.

37.   As a result of his false imprisonment, Plaintiff was subjected to humiliation, ridicule,

mental anguish and disgrace and was deprived of his liberty.   Plaintiff was discredited in the

minds of many members of the community.

38.   All of the aforementioned acts of the Defendants constituted false imprisonment

under the law of the State of New York and the Defendants are liable said damage.   Pursuant to 28

U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

## FOURTH CLAIM FOR RELIEF:
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

39.   Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in

paragraphs 1 through 24 with the same force and effect as if fully set forth herein.

40.   The degree of force used by Defendants was excessive, unreasonable, and

unwarranted.

41.   Defendants' actions were intentional, willful, malicious, egregious, grossly reckless

and negligent, unconscionable, and unprovoked.

42.   As a result of the excessive force and brutality, Plaintiff sustained injuries to his groin,

head, face, wrists, and nerve damage to his hands.

7

43.    All of the aforementioned acts of the Defendants constituted excessive force under the laws of the State of New York and the Defendants are liable said damage.    Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

## FIFTH CLAIM FOR RELIEF:
## ASSAULT AND BATTERY

44.    Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 24 with the same force and effect as if fully set forth herein.

45.    By the aforementioned actions, the Defendants did inflict assault and battery upon the Plaintiff.   The acts and conduct of the Defendant Police Officers were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

46.    As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific bodily injury, nerve damage, pain and suffering, great humiliation, mental anguish, costs, and expenses and was otherwise damaged and injured.

## SIXTH CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY/MONELL CLAIM

47.    Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 24 with the same force and effect as if fully set forth herein.

48.    Defendant MTA Police Officers unlawfully stopped, questioned, searched, and arrested Plaintiff, despite a lack of reasonable suspicion or probable cause, notwithstanding the knowledge that said arrest would jeopardize his liberty, well-being, safety, and constitutional rights.

49.   Defendants MTA POLICE OFFICER THOMAS SULLIVAN, MTA POLICE OFFICER KOHRON PREDDY, MTA POLICE OFFICER JASON RULAND, MTA POLICE OFFICER JAMES SOKIRA, MTA SERGEANT JOSEPH PUGLIESE, failed to protect Plaintiff from the violation of his civil and constitutional rights by falsely arresting and imprisoning him.

50.   The acts complained of were carried out by the aforementioned Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

51.   The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of MTA and/or MTAPD, all under the supervision of ranking officers of said department.

52.   The aforementioned customs, policies, usages, practices, procedures, and rules of MTA and/or MTAPD included, but were not limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

53.   The foregoing customs, policies, usages, practices, procedures, and rule of MTA and/or MTAPD constituted deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff.

54.   The foregoing customs, policies, usages, practices, procedures, and rule of MTA and/or MTAPD were the proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

55.   The foregoing customs, policies, usages, practices, procedures, and rule of MTA and/or MTAPD were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

56.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

57.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

58.     Defendant MTA and/or MTAPD, as municipal policymaker in the training and supervision of Defendant police officers, has pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their freedom from the excessive use of force and unreasonable force and freedom from deprivation of Liberty without Due Process of law in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

59.     All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

    a.     Not to be deprived of liberty without due process of law;

    b.     To be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution;

    c.     To be protected against violations of his civil and constitutional rights;

    d.     To be free from excessive force;

    e.     To be free from assault and battery;

    f.     To receive equal protection under the law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1.  Special and compensatory damages in the amount of THREE MILLION ($3,000,000.00) DOLLARS; and

2.  Punitive damages in the amount of THREE MILLION ($3,000,000.00) DOLLARS; and

3.  Reasonable attorney's fees and costs; and

4.  Such other and further relief as this Court deems just and proper.

DATED:      New York, New York
            March 28, 2010

Respectfully submitted,

_____
Ilissa Brownstein, Esq. (IB9450)
Attorney for Plaintiff
22 Cortlandt Street
16th Floor
New York, New York 10007
Phone: (516) 286-5442
Fax: (212) 608-5442
Email: ilissa_brownstein@yahoo.com

11